UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

CASE NO.: 2:25-cv-14873

VPR BRANDS, LP,

        Plaintiff,

v.

BOULDER INTERNATIONAL INC,

        Defendant.

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff VPR BRANDS, LP by and through its undersigned counsel, brings this Complaint against Defendant for Patent Infringement, and in support, alleges as follows:

### NATURE OF THE LAWSUIT

1. This action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, et seq., to enjoin and obtain damages resulting from Defendant's unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of United States Patent Number 8,205,622 entitled "Electronic Cigarette." Plaintiff seeks injunctive relief to prevent Defendant from continuing to infringe plaintiff's patent and recovery of monetary damages resulting from Defendant's past infringement of the patent.

### JURISDICTION AND VENUE

2. This Court has original and exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338(a); and 35 U.S.C. § 271.

3.  This Court has personal jurisdiction over the Defendant.

4.  Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391(b)(3) because Defendant has committed acts of infringement and has a regular and established place of business and is subject to personal jurisdiction within this judicial district and division.

## PLAINTIFF

5.  Plaintiff, VPR Brands, LP ("VPR"), is a Delaware limited partnership authorized to do business in Florida with a principal place of business at 3001 Griffin Road, Fort Lauderdale, FL 33312.

6.  VPR is a technology company whose assets include issued U.S. and Chinese patents for atomization-related products, including technology for medical marijuana oil vaporizers, dab pen and flower vaporizer products and components.

7.  VPR is engaged in product development for the vapor or vaping market, including e-liquids, vaporizers and electronic cigarettes (also known as e-cigarettes) which are devices which deliver nicotine and or cannabis and cannabidiol (CBD) through atomization or vaping, and without smoke and other chemical constituents typically found in traditional products.

8.  VPR is a vaping market leader specializing in vaporizers and accessories for essential oils, cannabis concentrates and extracts (CBD), as well as electronic cigarettes containing nicotine.

## DEFENDANT

9.  Defendant BOULDER INTERNATIONAL, INC. ("Boulder") is a Delaware corporation with a principal place of business in New Jersey at 129 Mechanic Street, Boonton, NJ 07005. Defendant can be served by serving its registered agent, NORTHWEST REGISTERED AGENT SERVICE, INC., 8 THE GREEN, STE B, DOVER, DE 19901.

## VPR'S PATENT RIGHTS

10. VPR owns all right, title and interests in, and/or has standing to sue for infringement of United States Patent Number 8,205,622 ("'622 Patent") entitled "Electronic Cigarette." A copy of the '622 Patent is attached hereto as Exhibit 1.

11. The '622 Patent discloses an electronic cigarette consisting of an electronic inhaler and an electronic atomizer.

12. The electronic inhaler contains a rechargeable or non-rechargeable power source such as a battery, which supplies electric power to the electronic inhaler. In addition to the power source, the inhaler also includes an electric airflow sensor to detect air movement generated by a user's inhaling or puffing act. The sensor's role is to collect an airflow signal that triggers the electronic cigarette to supply electric power to the inhaler and atomizer connected through an electric connector.

13. Inside the electronic atomizer are an electric connector, electric heating wire, liquid container, and atomizer cap with an air-puffing hole. The user inhales through the air puffing hole at an end of the electronic cigarette to create an air inflow, which triggers the atomization process that converts a solution to a gas emulating the smoking process.

14. The '622 Patent was twice challenged in inter partes review (IPR) proceedings before the Patent Trial and Appeal Board (PTAB) of the United States Patent and Trademark Office. In both proceedings, the PTAB refused attempts to invalidate the claims of the '622 Patent asserted herein.

## DEFENDANT'S PRODUCTS

15. Defendant uses, imports, offers for sale, distributes and sells one or more electronic cigarette products that practice all the steps of at least one claim of the '622 Patent.

16. The Defendant's products that infringe include, but are not limited to, the Boulder Pro ("BOULDER PRO"), the Boulder Twilight ("BOULDER TWILIGHT"), the Boulder Rock, Boulder Bottle 9000, the Boulder Diamond Bar, the Boulder Mintz 3D Bar, the Boulder Mintz 25K, the Boulder Mini, and other substantially similar products that are collectively referred to herein as the "Accused Products".

17. Attached hereto as Exhibit 2 is a claim chart for illustration only demonstrating that one or more of the Accused Products infringe Claim 13 of the '622 Patent.

18. The Defendant's Accused Products are electronic cigarettes that contain rechargeable batteries that function as a power source that supplies electric power to an electronic inhaler. In addition to the power source, the inhaler also includes an electric airflow sensor to detect air movement generated by a user's inhaling or puffing act.

19. The Accused Products also contain an electronic atomizer with an electric connector, electric heating wire, liquid container, and atomizer with an air-puffing hole.

20. The user inhales through the air puffing hole at the end of Accused Products to create an air inflow, which triggers the atomization process that converts a solution to a gas, emulating the smoking process.

21. The electronic cigarette products that Defendant uses, imports, offers for sale, distributes and sells, including but not limited to Accused Products, infringe one or more claims of the '622 Patent, including but not limited to Claim 13.

22. Defendant also uses, imports, offers for sale, distributes, and sells electronic cigarette products under other brand names that are substantially similar to Accused Products, function in the same way as Accused Products, and infringe one or more claims of the '622 Patent.

23. Plaintiff has been irreparably harmed by Defendant's infringement of VPR's valuable patent rights.

24. Defendant's unauthorized, infringing use of VPR's patented electronic cigarette has threatened the value of their intellectual property because Defendant's conduct results in VPR's loss of its lawful patent rights to exclude others from importing, making, using, selling, offering to sell and/or importing the patented inventions.

25. Defendant's disregard for VPR's property rights similarly threatens VPR's relationships with potential licensees of this intellectual property.

26. Defendant will derive a competitive advantage from using VPR's patented technology without paying compensation for such use.

27. Unless and until Defendant's continued acts of infringement are enjoined, VPR will suffer further irreparable harm for which there is no adequate remedy at law

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,205,622

28. VPR realleges paragraphs 1 through 27 of this Complaint, as fully and completely as if set forth verbatim herein.

29. Within the six years preceding the filing of this Complaint, Defendant has directly infringed at least one claim of U.S. Patent No. 8,205,622 by the activities referred to in this Complaint in violation of 35 U.S.C. § 271(a).

30. Without limiting the foregoing, Defendant has infringed at least claim 13 of the '622 Patent.

31. Defendant's activities alleged in this Count have been without license, permission, or authorization from VPR.

32. The activities of Defendant as set forth in this Count, have been to the injury, detriment, and irreparable harm to VPR.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff VPR BRANDS, LP demands judgment and relief against Defendant and respectfully requests that the Court:

A. Enter a finding of willful infringement against Defendant under each of the patents asserted in this Complaint;

B. Award in favor of Plaintiff and against Defendant such damages as Plaintiff may have suffered but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284;

C. Award in favor of Plaintiff and against Defendant an enhancement of damages;

D. Find that this is an exceptional case;

E. Enter an injunction preliminarily and permanently enjoining infringement;

F. Award Plaintiff its attorneys' fees against Defendant under 35 U.S.C. § 285;

G. Award Plaintiff its costs against Defendant, and

H. Award in favor of Plaintiff and against Defendant such other and further relief as to the Court appears just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: August 25, 2025  Respectfully submitted,

/s/ Rebecca A. Kornhauser
Rebecca A. Kornhauser
Bar Number: 517662024
rebecca.kornhauser@sriplaw.com

**SRIPLAW, P. A.**
41 Madison Avenue
25th Floor
New York, New York 10010
646.517.3534 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff VPR Brands, LP*